UNION TRUST CO. v. STEARNS et al.

(Circuit Court, D. Rhode Island. January 6, 1903.)

No. 2,615.

1. JURISDICTION OF FEDERAL COURTS—SUIT AGAINST STATE—ENJOINING CRIMINAL PROSECUTIONS UNDER STATE STATUTE.

A suit against the attorney general and assistant attorney general of a state to enjoin them from instituting criminal prosecutions in the name of the state under a state statute, by which they are charged with no special duty, and to which they bear no different relation than to any other penal statute, is a suit against the state, within the meaning of the eleventh constitutional amendment, of which a federal court is without jurisdiction.

In Equity. On demurrer to bill.

Edwards & Angell and Walter F. Angell, for complainant.
Charles F. Stearns, for defendants Stearns and Greenough.
Wm. J. Brown, for defendant Rhode Island Suburban Ry. Co.

COLT, Circuit Judge. The eleventh amendment to the constitution of the United States was adopted in 1798 as a result of the decision of the supreme court in Chisholm v. Georgia, 2 Dall. 419, 1 L. Ed. 440. This amendment declares that the judicial power of the

¶ 1. Federal jurisdiction of suits against state, see note to Tindall v. Wesley, 13 C. C. A. 165.

United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state. If this is a suit against the state of Rhode Island, the court is without jurisdiction, and the bill must be dismissed. This is the question raised on the demurrer to the bill by the defendants Stearns and Greenough. The purpose of the eleventh amendment was to prevent the subjection of a state to the coercive process of judicial tribunals at the instance of private parties. To secure this purpose the amendment has been interpreted "not literally, and too narrowly, but fairly, and with such breadth and largeness as effectually to accomplish the substance of its purpose." Accordingly, it has been held that the state need not be formally named as a party. It is sufficient if it is the real party against whom the suit is brought. It has also been adjudged that this prohibition extends to suits against a state by citizens of the same state. Ex parte Ayers, 123 U. S. 443, 505, 506, 8 Sup. Ct. 164, 31 L. Ed. 216; Hans v. Louisiana, 134 U. S. 1, 10 Sup. Ct. 504, 33 L. Ed. 842; Fitts v. McGhee, 172 U. S. 516, 524, 528, 529, 19 Sup. Ct. 269, 43 L. Ed. 535. The general assembly of the state of Rhode Island, on June 1, 1902, passed an act to regulate the hours of labor of certain employés of street railways. The act contains the following section relating to fines for violating any of its provisions:

"Sec. 3. Any street railway corporation violating any of the provisions of the preceding sections of this act shall be fined not less than one hundred dollars nor more than five hundred dollars, one-half thereof to the use of the complainant and the other half to the use of the state." Pub. Laws 1902, c. 1004.

The bill avers that the fines imposed by this act must be recovered by indictment preferred and prosecuted by the attorney general or the assistant attorney general of the state; that the defendants Stearns and Greenough are, respectively, the attorney general and assistant attorney general; and that they threaten and intend to prefer and prosecute indictments under the act, and to collect the fines imposed; and the bill prays that Stearns and Greenough may be restrained and enjoined from enforcing the act by means of indictment or otherwise. The defendants Stearns and Greenough are not named in the act, nor charged with any special duty in connection therewith. They do not occupy any different relation with respect to this penal statute than with respect to other penal statutes of the state. It is their duty, by virtue of the offices they hold, to institute proceedings for the enforcement of this statute, just as it is their duty to institute proceedings for the enforcement of other penal laws. They are threatening to do no wrong or trespass against this complainant in any other sense than is involved in the threatened prosecution of all violators of the criminal laws of Rhode Island. If they can be restrained from instituting prosecutions under this act, they equally may be restrained from instituting prosecutions under any criminal law of the state. In this way the enforcement of every criminal statute of the state might be enjoined by a bill in equity brought in the federal courts against these defendants, until the

question of constitutionality has been finally passed upon by the supreme court of the United States.

The purpose of the present bill, in substance and effect, is to enjoin the state of Rhode Island from the enforcement of a penal statute. Indictments under the act are brought in the name and on behalf of the state for the protection of the state. These defendants, the attorney general and his assistant, merely represent the state in such proceedings. They are simply the officers and agents of the state. It is not as individuals, but solely by virtue of their holding such offices, that they prefer and prosecute indictments in the name of the state. A state can only act or be proceeded against through its officers. If a decree could be entered against the state of Rhode Island enjoining prosecutions under this act, it could only operate against the state through enjoining these defendants. An order restraining the attorney general and his assistant from the enforcement of this statute is an order restraining the state itself. The present suit, therefore, is as much against the state of Rhode Island as if the state itself were named a party defendant. Ex parte Ayers, 123 U. S. 497, 8 Sup. Ct. 164, 31 L. Ed. 216; Fitts v. McGhee, 172 U. S. 529, 19 Sup. Ct. 269, 43 L. Ed. 535.

The supreme court has decided in several cases that a suit to enjoin the attorney general of a state from bringing suits or prosecuting indictments under a state statute is a suit against the state.

In the case of Ex parte Ayers it was held that a suit against the attorney general of Virginia and certain other state officers to enjoin them from proceeding to enforce an alleged unconstitutional statute of the state was a suit against the state. The prayer of the bill in that case was that R. A. Ayers, attorney general of Virginia, the auditor of the state, and the treasurer and attorney of each county, city, and town "may be restrained and enjoined from bringing or commencing any suit provided for by the said act of May 12, 1887, or from doing any other act to put said statute into force and effect." The circuit court ordered the injunction prayed for. The supreme court reversed this order, and directed the bill to be dismissed on the ground that the suit was against the state of Virginia, within the meaning of the eleventh amendment to the constitution of the United States. 123 U. S. 443, 450, 507, 8 Sup. Ct. 164, 31 L. Ed. 216.

In Fitts v. McGhee it was held that a suit brought to restrain the attorney general of the state of Alabama and one of the state's solicitors from taking steps to enforce a legislative act claimed to be unconstitutional was a suit against the state. The act was for reducing tolls on a bridge which crossed the Tennessee river. The circuit court adjudged the statute unconstitutional and void, and enjoined the defendants from instituting or prosecuting any proceedings under the forfeiture clause of the act, or by mandamus or otherwise to compel the observance of and obedience to the act. In reversing the judgment of the circuit court and dismissing the bill, the supreme court said:

"As a state can act only by its officers, an order restraining those officers from taking any steps, by means of judicial proceedings, in execution of the

statute of February 9, 1895, is one which restrains the state itself, and the suit is consequently as much against the state as if the state were named as a party defendant on the record." 172 U. S. 516, 529, 19 Sup. Ct. 269, 43 L. Ed. 535.

In Cotting v. Stock Yards Co., 183 U. S. 79, 22 Sup. Ct. 30, 46 L. Ed. 92, the supreme court dismissed the bill as to the attorney general upon his objection that the suit was against the state. That was a bill brought by a nonresident stockholder against the defendant company and the attorney general of the state of Kansas, for the purpose of declaring unconstitutional and void a statute of the state regulating the charges of stock yards, and for enjoining the attorney general from instituting proceedings to enforce the statute. The attorney general appeared, but did not raise the objection that the suit was against the state until after a full hearing and a decision on the merits, and just previous to the entry of a final decree in the circuit court. Under these circumstances the supreme court considered the case on its merits, dismissed the bill as to the attorney general, and expressed no opinion on the question of jurisdiction. The court said:

"Without expressing any opinion as to the jurisdiction of the court if it had been properly and seasonably challenged, we think the true solution of this matter will be found in reversing the decree upon the merits, and directing a dismissal of the suit as to the attorney general, without prejudice to any other suit or action." 183 U. S. 114, 22 Sup. Ct. 30, 46 L. Ed. 92.

These decisions have never been questioned, and they are controlling and binding on this court in the case at bar.

There is a class of cases in which the supreme court has held that a suit against state officers was not a suit against the state. The principle governing these cases is not applicable to the present suit. Briefly stated, that principle is that such officers, as individuals, have committed, or are about to commit, a wrong or trespass, for which they are personally liable in a suit at law or in equity. This doctrine was first enunciated by Chief Justice Marshall in Osborn v. Bank, 9 Wheat. 738, 871, 6 L. Ed. 204. In that case there was an unlawful seizure and detention of property by state officers in pursuance of an unconstitutional statute of Ohio, and in violation of the act of congress chartering the bank; and an action at law, either in trespass or detinue, could have been brought against them as individual trespassers guilty of wrong in taking the property of the complainant illegally. Under such circumstances they were not permitted to protect themselves against personal liability as representatives of the state, because the authority under which they professed to act was void. Ex parte Ayers, 123 U. S. 499, 500, 8 Sup. Ct. 164, 31 L. Ed. 216. In Allen v. Railroad Co., 114 U. S. 311, 5 Sup. Ct. 925, 962, 29 L. Ed. 200, the same principle was enforced against state officers to restrain the collection of taxes by seizure of property under an unconstitutional legislative act. In Poindexter v. Greenhow, 114 U. S. 270, 5 Sup. Ct. 903, 962, 29 L. Ed. 185, the same doctrine is stated and applied. U. S. v. Lee, 106 U. S. 196, 27 L. Ed. 171, is another illustration of the same principle. In that case the plaintiffs had been wrongfully dispossessed of their real estate by the defendants, claiming to act under the authority of the United States.

As they were unable to show any such lawful authority, it was held that there was nothing to prevent the judgment of the court against them as individuals for their individual wrong and trespass. In reviewing this class of cases in Ex parte Ayers, Mr. Justice Matthews, speaking for the court, said:

"The vital principle in all such cases is that the defendants, though professing to act as officers of the state, are threatening a violation of the personal or property rights of the complainant, for which they are personally and individually liable. * * * This feature will be found, on an examination, to characterize every case where persons have been made defendants for acts done or threatened by them as officers of the government, either of a state or of the United States, where the objection has been interposed that the state was the real defendant, and has been overruled. The action has been sustained only in those instances where the act complained of, considered apart from the official authority alleged as its justification, and as the personal act of the individual defendant, constituted a violation of right for which the plaintiff was entitled to a remedy at law or in equity against the wrongdoer in his individual character." 123 U. S. 500, 501, 502, 8 Sup. Ct. 164, 31 L. Ed. 216.

The same doctrine has been applied to another class of cases in which suit has been brought against state officers. These are cases where the state officers compose a board or commission endowed by legislative enactment with administrative powers which cannot be enforced without violating constitutional rights. It is held that these suits are not against the state in any proper sense, but against the individuals composing the board or commission, who, as individuals, though claiming to act as officers, are threatening a violation of personal or property rights under the color of an unconstitutional statute. Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. 699, 35 L. Ed. 363; Reagan v. Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819. It is upon the last-cited case of Smyth v. Ames that the complainant largely relies to support the jurisdiction of the court in the present case, and especially upon the following language from the opinion of the court in that case:

"It is the settled doctrine of this court that a suit against individuals for the purpose of preventing them, as officers of a state, from enforcing an unconstitutional enactment to the injury of the rights of the plaintiff, is not a suit against the state within the meaning of that [the eleventh] amendment." 169 U. S. 518, 18 Sup. Ct. 418, 42 L. Ed. 819.

Smyth v. Ames was a bill in equity brought against the state board of transportation of Nebraska and other parties. By a legislative act this board was composed of certain state officers, including the attorney general, and was empowered to regulate and reduce railway fares. The main purpose of the bill was to declare the act unconstitutional and void, and to restrain the board from proceeding to enforce the act. The only persons who prosecuted the appeal in the supreme court were the defendants who constituted the board and the secretaries of the board. No question was raised or determined in that case, or could have been raised or determined upon the record, as to whether a suit against the attorney general of Nebraska was a suit against the state. As the case stood in the supreme court, it was directed solely against the board and against the at-

torney general as one of the individuals composing the board. The jurisdiction of the court to entertain a suit against the board was apparently so plain that the question was not argued by counsel. The language of Mr. Justice Harlan in the opinion of the court cannot be extended beyond the case that was before the court. It was a mere statement by him of the doctrine which had frequently been enforced by the supreme court in this class of cases. This is shown by the citation of authorities at the end of the paragraph above quoted. There is certainly no ground for saying that Smyth v. Ames overrules the earlier case of Ex parte Ayers, or that it is in conflict with the later case of Fitts v. McGhee, in both of which cases it was expressly decided that suits against the attorney general were suits against the state.

The distinction between the two lines of cases is clearly stated in Fitts v. McGhee. After referring to Smyth v. Ames and other similar cases, Mr. Justice Harlan, in giving the opinion of the court, said:

"There is a wide difference between a suit against individuals, holding official positions under a state, to prevent them, under the sanction of an unconstitutional statute, from committing by some positive act a wrong or trespass, and a suit against officers of a state merely to test the constitutionality of a state statute, in the enforcement of which those officers will act only by formal judicial proceedings in the courts of the state." 172 U. S. 529, 530, 19 Sup. Ct. 269, 43 L. Ed. 535.

The defendants Stearns and Greenough hold no special relation to the act of June 1, 1902. They are not specially charged with its execution. They are not thereby constituted a board or commission with administrative powers, nor are they as individuals, and apart from the official authority under which they act, threatening to seize the property of the complainant, or to commit any wrong or trespass against its personal or property rights. They have no other connection with this statute than the institution of formal judicial proceedings for its enforcement in the courts of the state in the name and behalf of the state. Upon reason and authority the present bill is a suit against the state of Rhode Island, within the meaning of the eleventh amendment to the constitution of the United States.

The bill further prays that the defendant the Rhode Island Suburban Railway Company may be enjoined from permitting its employés from working more than 10 hours per day, in violation of the provisions of the act of June 1, 1902. The Suburban Company has demurred to the bill on the ground that the act, under a proper construction thereof, does not prohibit a street railway company from making voluntary agreements with its employés to work more than 10 hours per day. The bill, in this aspect, presents only the question of the proper construction of a state statute. Since this is not a federal question, and since the requisite diversity of citizenship is also absent, the complainant and this defendant being citizens of the same state, the court is without jurisdiction to retain the bill as between these parties.

The demurrer of the defendants Stearns and Greenough is sustained, and the bill dismissed.